### DEANE v. SIRE.

#### (Supreme Court, Appellate Term. October 27, 1905.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—SERVICE OF ORDER.

· Supplementary proceedings, though termed "special proceedings" in Code Civ. Proc. § 2433, are not such to the extent of preventing an order therein requiring the judgment debtor to attend for examination, being an order in an "action," within section 338, subd. 4, so as to allow it to be served in any part of the state, though made by a justice of the City Court.

[Ed. Note.—For cases in point, see vol. 21, Cent. Dig. Execution, § 1117.]

Appeal from City Court of New York, Special Term.

Supplementary proceedings by Sydney Deane against Leander S. Sire. From an order denying a motion to punish the judgment debtor for contempt, the judgment creditor appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Maxwell C. Katz and Otto C. Sommerich, for appellant.
Bennett E. Siegelstein, for respondent.

BISCHOFF, J. The question presented upon this appeal is whether an order in supplementary proceedings requiring the judgment debtor to attend for examination is an order in an action (Code Civ. Proc. § 338, subd. 4), and thus an order which may be served in any part of the

state, when made by a justice of the City Court. In view of the unqualified statement in the statute that supplementary proceedings are special proceedings (Code Civ. Proc. § 2433), taken in connection with the expressed statutory distinction between special proceedings and actions (Code Civ. Proc. §§ 3333, 3334), it would seem difficult to escape the conclusion that, within the meaning and intent of the Code, an order in supplementary proceedings is not an order in an action, and that there cannot be a "special proceeding in an action"—a term sometimes applied to supplementary proceedings. In the case of Graves v. Scoville, 12 Civ. Proc. R. 165, however, the meaning of the words "special proceeding," as applied to supplementary proceedings by section 2433 of the Code, was directly involved; and the conclusion there reached that these were not special proceedings, within the statute, has received the sanction of the Court of Appeals, this being the necessary result of the affirmance of the order in that case. Graves v. Scovil, 102 N. Y. 676. Therefore we cannot view the question as one open to independent discussion, and must hold that the court below had jurisdiction.

It results that the order denying the motion to punish for contempt, on the ground of lack of power, must be reversed, with $10 costs and disbursements, and the matter remitted to the court below for further proceedings. All concur.